## 65652. WRIGHT v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of robbery by intimidation. On appeal he contends that the trial court erred (1) by allowing a co-defendant to be called as a state witness when his name did not appear on the list of witnesses as required by OCGA § 17-7-110 (Code Ann. § 27-1403); (2) by allowing the state to impeach its own witness through a prior inconsistent statement; (3) by allowing the jury to be shown a videotape of appellant and 22 other persons having their "mug shots" taken after their arrest; and (4) by failing to charge the jury on oral request on the lesser included offense of theft by taking.

Shortly after midnight a Martin Oil convenience store in Marietta, Georgia, was robbed by two men, one of whom was identified as appellant.

1. Appellant contends it was error to allow Otis Carmichael, Jr., to appear as a state witness because his name was not included on the list of witnesses furnished to the defense, as required by OCGA § 17-7-110 (Code Ann. § 27-1403). That code section provides that a person charged with a criminal offense shall be entitled, on written demand, to a copy of the indictment and a list of witnesses on whose testimony the charge is founded. It also provides that "[w]ithout the consent of the defendant, no witness shall be permitted to testify for the state whose name does not appear on the list of witnesses as furnished to the defendant unless the prosecuting attorney shall state in his place that the evidence sought to be presented is newly discovered evidence which the state was not aware of at the time of its furnishing the defendant with a list of the witnesses." Appellant argues that because Carmichael's name was not on the list of witnesses provided him, and the prosecutor made no claim of newly discovered evidence, it was error to allow Carmichael to testify as a state witness.

Carmichael was a co-indictee, charged with committing the robbery with appellant. Appellant's counsel stated to the trial court that he was not contending he was not on notice, but the letter of the law says they shall not be allowed to testify. This same contention has been decided adversely to appellant. *Lingerfelt v. State,* 238 Ga. 355, 358 (1) (233 SE2d 356) (1977); *Garvin v. State,* 144 Ga. App. 396, 399 (5) (240 SE2d 925) (1977). Further, whether or not the evidence was newly discovered, the proper remedy when a witness is called whose name was not on the list is a motion for continuance, not the exclusion of the witness' testimony. *Savage v. State,* 152 Ga. App. 392, 394 (4) (263 SE2d 218) (1979).

2. When Carmichael was called as a witness he denied any

knowledge of the robbery; therefore, the state sought to impeach Carmichael by questioning him about a prior inconsistent statement he had made to the police. Appellant objected, contending the state knew that Carmichael had changed his story. The objection was overruled and appellant alleges that this was error.

The transcript shows clearly that the state was not aware that Carmichael was going to change his story, as the prosecuting attorney had not discussed the case with Carmichael after he was granted immunity in exchange for his promise to testify truthfully about the robbery. OCGA § 24-9-81 (Code Ann. § 38-1801) provides that a party may not impeach a witness voluntarily called by him "except where he can show to the court that he has been entrapped by said witness by a previous contradictory statement." In discussing this code section our Supreme Court held in *Wilson v. State,* 235 Ga. 470, 475 (1) (219 SE2d 756) (1975), that it was proper to allow impeachment where a witness' testimony was "inconsistent" with his prior written statement. In reaching this conclusion the court held: "We conclude that the ends of justice are far better served by full exposure of whatever previous statements a witness might have made if his testimony conflicts with them. . . . Henceforth, for 'entrapment' under that Code Ann. § 38-1801 [now OCGA § 24-9-81] to exist, we will not require that the witness' testimony be a total 'surprise' nor that it be affirmatively damaging." Id. at 475. Hence, the trial court did not err by allowing the prosecuting attorney to impeach Carmichael by cross-examining him about his prior statement to the police. *Wilson,* supra.

3. The state was allowed to show a videotape of several persons, including appellant, taken by the police while "mug shots" of those persons were being made after their arrest. The videotape was used by the police for a photographic lineup at which the victim identified appellant. Appellant contends it was error to admit the videotape into evidence and allow it to be played to the jury, as it was not necessary. He argues that the prosecution could have shown by the victim's testimony that she identified appellant at a pretrial lineup, and playing the videotape was prejudicial because it showed appellant with several other criminals.

This court has held that it is not error to admit evidence of voice identification made by witnesses after viewing a videotape lineup in which the participants read sentences composed by the police. *Davis v. State,* 158 Ga. App. 549, 551 (5) (281 SE2d 305) (1981). Although it does not appear in *Davis* whether or not the videotape was played to the jury, our Supreme Court has found no error in admitting a videotape recording of a defendant's confession into evidence over an objection that it was not necessary. *Gates v. State,* 244 Ga. 587, 592 (1)

(261 SE2d 349) (1979). We see no distinction between the showing of a videotape used in a pretrial lineup than from one used in a defendant's confession which would result in prejudice to appellant when the only objection is that playing the videotape is not necessary.

As to appellant's contention that it was prejudicial to show him with a group of criminals, the admission into evidence of "mug shots" used in a photographic array (lineup) does not put an appellant's character into evidence. *Ambros v. State,* 159 Ga. App. 492, 493 (3) (283 SE2d 706) (1981); *Creamer v. State,* 229 Ga. 704, 708 (2) (194 SE2d 73) (1972). Accordingly, this enumeration of error is without merit.

4. Appellant contends the trial court erred by failing to charge the jury on the lesser included offense of theft by taking. Appellant made no written request for such a charge. "The failure to instruct on a lesser included crime is not error, regardless of whether the evidence would have authorized or demanded such a charge, in the absence of a written request." *Walston v. State,* 245 Ga. 572, 573 (3) (266 SE2d 185) (1980); *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976); *Daniel v. State,* 248 Ga. 271, 272 (1) (282 SE2d 314) (1981).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 13, 1983.

*William M. Bristow,* for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney,* for appellee.