*Assistant District Attorney,* for appellee.

## 40485. REDMOND v. THE STATE.

SMITH, Justice.

Appellant was indicted, tried and convicted for murder and kidnapping. He was sentenced to life imprisonment for murder and twenty years for kidnapping, these sentences to be served consecutively. On December 1, 1981, he and co-indictee Jimmy Chambers (who was tried and convicted separately) abducted a woman from the appellant's apartment, forced her into the trunk of a borrowed car while bound by wire coathanger and electrical cord, and drove to a bridge in south Fulton County. The victim, who throughout the episode pleaded for her life, was shot twice and pushed over the bridge rail into a creek below. Appellant's motion for a new trial was denied and this appeal is brought from that ruling. We affirm.

1. Although not enumerated as error, we first address the issue of the sufficiency of the evidence. Our review of the evidence shows that it was sufficient to enable a rational trier of fact to find the defendant guilty of murder and kidnapping beyond a reasonable doubt. Jackson v. Virginia, 433 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In his first enumeration, appellant contends that the trial court erred in allowing Jimmy Chambers to testify without having been included on the list of prosecution witnesses as required by OCGA § 17-7-110 (Code Ann. § 27-1403). He argues that he was not aware that Chambers would testify until after the trial began, and that the court refused to grant a continuance or recess to provide time to prepare to cross-examine the witness.

We examined a similar set of facts in *Lingerfelt v. State,* 238 Ga. 355 (233 SE2d 356) (1977), involving testimony of a co-indictee who was present at the time of the murder. We observed that the purpose of OCGA § 17-7-110 (Code Ann. § 27-1403) is to insure that an accused is not confronted at trial with testimony against him from witnesses who he has not had the opportunity to interview prior to trial. See also *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30) (1974). In the present case, appellant simply asserts that he proceeded to trial on the assumption that the co-indictee would not testify. He does not contend that he was unfairly surprised, that he did not know of the existence of the co-indictee, or that he had not had the opportunity to interview the witness. In *Herring v. State,* 238 Ga. 288 (2) (232 SE2d

826) (1977), we stated that where, as here, the name of a witness is contained in the indictment, a defendant cannot validly contend that he has been surprised or unable to interview the witness because he was unaware of such witness. As a result of our holdings in these foregoing cases, we conclude that it was not error to admit the testimony of Jimmy Chambers and we find no merit in this enumeration.

3. In his second enumeration, appellant contends that his character was put into evidence by an act of the prosecutor and that it was error to deny his subsequent motion for a mistrial. As a preliminary matter, we note that the transcript of the trial contained in the record shows that appellant's counsel moved for a dismissal of the indictment, not for a mistrial, in connection with the contested question.

On cross-examination by counsel for the appellant of an assistant chief of police involved in the case the following exchange occurred: "Chief, you said that you obtained information and that the investigation was ongoing? A: Yes, sir. Q: Some many weeks after December of 1981 [when the murder and kidnapping were committed], when this investigation broke? Is that right? A: Yes, sir." Moments later, on re-direct examination the prosecutor asked: "Are you still investigating the activities of Chambers and Red-mond? A: Yes, sir. Q: Have you ever ceased? A: No, sir." Defense counsel thereupon moved for dismissal of the indictment based on prosecutorial misconduct. His motion was denied and forms the basis of this enumeration.

Appellant faced two obstacles to persuading this court of the validity of his contention, and he overcomes neither. First, he moved for dismissal of the indictment, not a mistrial, following the prosecutor's question at issue here. Assuming arguendo that the question was improper, OCGA § 17-8-75 (Code Ann. § 81-1009) provides that in such circumstances where prejudicial matters not in evidence are made in the hearing of the jury, on objection the court shall rebuke counsel or, among other measures, order a mistrial if the prosecuting attorney is the offender. However, it is not within the court's discretion to dismiss the indictment, nor is it the court's duty to interpret the stated objection and speculate that the appellant intended to move for a mistrial. See *Lenear v. State,* 239 Ga. 617 (12, 13) (238 SE2d 407) (1977).

Second, appellant opened the door to the prosecutor's question by eliciting testimony from the police chief as to the ongoing nature of the investigation into the criminal activities of the appellant and Chambers. Appellant's counsel had already inquired of the same witness as to his knowledge of certain property owned by Chambers.

According to the witness, that knowledge had been turned up as a result of "other investigation," including but not limited to intensive investigations by the Internal Revenue Service. Appellant worked for and was closely identified with Chambers and the prior testimony elicited by defense counsel showed that Chambers had a history of criminal activities the extent of which was not yet fully determined. The jury had also been told, without objection, that when appellant was called to the police station in connection with the murder and kidnapping, he assumed it was for a probation hearing, again indicating prior criminal activity and evidence of character. See *Lehman v. State,* 165 Ga. App. 15 (2) (299 SE2d 88) (1983). Therefore we find no merit in this enumeration.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 1984.

*Michael H. Lane,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.