## 70113. FAIRCLOTH v. THE STATE.
(332 SE2d 686)

McMurray, Presiding Judge.

Defendant was convicted of the offense of burglary and following the imposition of sentence, he appeals.

Defendant was arrested inside a grocery store in Whigham, Georgia, in the early morning hours of February 18, 1984. Because the Whigham police station was a short distance from the grocery, the police arrived at the scene shortly after defendant tripped a silent alarm. Defendant was spotted coming out of the back door of the grocery with a cash register in his hands and he was ordered to halt. He dropped the cash register and went back inside the store. Once inside, defendant unsuccessfully tried to break through the front glass doors. While the police awaited the arrival of a backup unit, defendant removed the panel of a suspended ceiling, climbed into the opening in the ceiling, and remained there until he was forced to come down with tear gas. At the time he was apprehended, defendant "seemed intoxicated." At trial, he testified that he had voluntarily consumed large amounts of alcohol and valium and that he did not know why or how he entered the grocery store. *Held*:

1. The trial court did not err in refusing to charge the jury that voluntary intoxication can negate the specific intent element of burglary. *Hutter v. State*, 166 Ga. App. 608, 609 (3) (305 SE2d 124), reversed on other grounds, 251 Ga. 615 (307 SE2d 910).

2. "The [photographs] admitted over the defendant's objection [were] sufficiently identified and explained by the witnesses, and the mere fact that the scene depicted thereby was shown to have changed either before the [photographs] in question [were] taken or subsequent thereto as to some immaterial matters did not render the [photographs] objectionable. [Cit.]" *Curtis v. State*, 224 Ga. 870, 873 (5) (165 SE2d 150).

3. Defendant's contention that the trial court erred in permitting the State's witness to read defendant's statement into evidence because it constituted hearsay is without merit. See *Cash v. State*, 166 Ga. App. 835 (3) (305 SE2d 618).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JUNE 12, 1985.

*Edward C. Parker*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.