72988. TOLBERT v. THE STATE.
(350 SE2d 51)

SOGNIER, Judge.

Tolbert appeals from his conviction of theft by sudden snatching and aggravated assault with intent to rob.

1. Appellant contends the evidence was not sufficient to support the verdict and thus, the trial court erred by denying his motion for a directed verdict of acquittal.

Mary Plooster was one of a group of patients from the Warm Springs Rehabilitation Center taken on a shopping trip to a mall in Columbus, Georgia. Ms. Plooster returned to the van in which she was riding at 8:25 p.m., about five minutes before its scheduled departure, so she stood at the rear of the van and placed her purse and packages on the ground beside her. She reached down to get something out of her purse and was suddenly knocked down, causing injury to her face and breaking two of her fingers. Ms. Plooster's purse, containing six dollars, some herb tea she had purchased and other personal items, was taken by her assailant. Darren Hussey, another patient, was sitting in the front seat of the van when he heard Ms. Plooster scream and saw a man get her purse and run. Hussey pursued the man, later identified as appellant, until he ran across a road, jumped a fence and disappeared. However, Hussey got a good look at the man and picked appellant out of a photographic showup; Hussey also positively identified appellant in court as the person who took Ms. Plooster's purse and ran. A security officer also positively identified appellant as the person he saw fleeing across the road while the officer was going to assist Ms. Plooster.

Appellant testified that on the day in question he was working, and went with another man to Forsyth, Georgia, picked up some items for delivery in Griffin, and on the way back to Columbus had a breakdown of his truck and did not get back to Columbus until about

8:30 p.m., the time the incident took place. Appellant's employer corroborated appellant's story, but testified that he picked up appellant and another employee after their truck broke down, and they did not get back to Columbus until 10:30 p.m.

Appellant contends the identification testimony was insufficient to establish beyond a reasonable doubt that appellant was the perpetrator of the offenses charged. However, the weight of the evidence and credibility of witnesses are matters for determination by the jury, and this court passes on the sufficiency of the evidence, not its weight. *Miller v. State*, 163 Ga. App. 889, 890 (1) (296 SE2d 182) (1982). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. Appellant contends the trial court erred by overruling his motion for a new trial because the evidence was entirely circumstantial and the trial court failed to charge on circumstantial evidence. The evidence was not all circumstantial, but even if so, the trial court asked both counsel at the conclusion of the court's charge if they had any objection to the charge and appellant stated he had none. Thus, he has waived his right to enumerate error as to the court's failure to charge the jury on circumstantial evidence. *Henry v. State*, 176 Ga. App. 462, 464 (5a) (336 SE2d 588) (1985).

3. Appellant contends the pretrial identification was tainted because the procedures used were unduly suggestive and conducive to irreparable mistaken identification. Appellant made no objection at trial to such procedures and did not object to testimony identifying appellant as the perpetrator of the offenses charged. This court will not consider issues raised for the first time on review. *Bowen v. State*, 173 Ga. App. 361, 362 (4) (326 SE2d 525) (1985).

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED OCTOBER 29, 1986.

*Tina G. Stanford*, for appellant.

*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney*, for appellee.