72996. SMITH v. THE STATE.
(353 SE2d 35)

Pope, Judge.

Douglas Ray Smith brings this appeal from his conviction of burglary. Held:

1. Appellant enumerates as error the admission into evidence of his in-custody statement. Appellant argues that the prosecution failed to produce the statement ten days prior to trial pursuant to OCGA § 17-7-210. The record reveals the following chronology of events: appellant was arraigned on October 10, 1983; appellant retained counsel on October 12; a motion for discovery of in-custody statements was filed on October 17; the statement was read orally to defense counsel by telephone on October 21; the statement was produced on October 24; appellant was tried and convicted on October 25.

OCGA § 17-7-210 (a) states that "[a]t least ten days prior to the trial . . . the defendant shall be entitled to have a copy of any statement given by him while in police custody. The defendant may make his request . . . , in writing, within any reasonable period of time prior to trial." "Reasonable time" is to be determined by considering the facts and circumstances of each case. Blanchard v. State, 247 Ga. 415, 419 (276 SE2d 593) (1981). Problems arise, however, in the event that a defendant makes his request less than ten days prior to trial. In interpreting OCGA § 17-7-211, an analogous section dealing with production of scientific evidence, the Georgia Supreme Court has stated that the prosecution shall have a reasonable time in which to produce the evidence in the event that the request is made less than ten days prior to trial. Law v. State, 251 Ga. 525 (1) (307 SE2d 904) (1983). Further, OCGA § 17-7-211 has been interpreted in such a way as to implement, not impede, the fair and speedy determination of cases. State v. Meminger, 249 Ga. 561 (2) (292 SE2d 681) (1982).

The record reveals that appellant's motion was filed within five days of retaining defense counsel. In view of the facts and circumstances of the case, we are not persuaded that this filing was not a reasonable time in which to make the request. Pealor v. State, 165 Ga. App. 387 (299 SE2d 904) (1983). Nothing in the record indicates that the statement was not within the possession of the prosecution at the time of filing of the motion. The only explanation offered by the

prosecution as to why the statement was not produced until the day before trial was that the prosecution was busy with other trials and thought appellant might tender a plea.

The Georgia Supreme Court has declined to interpret OCGA § 17-7-211 such that it may be utilized as a dilatory tactic by defense counsel. Likewise, we decline to interpret OCGA § 17-7-210 in such a way that the prosecution might utilize that section to produce in-custody statements at the last hour. If a request for a statement has been timely made, production of that statement one day before trial is not production within a reasonable time. OCGA § 17-7-210. Therefore, the trial court abused its discretion in admitting appellant's statement over the objection of defense counsel.

Nevertheless, the record reveals sufficient evidence, independent of the in-custody statement, on which reasonably minded jurors might have found appellant guilty beyond a reasonable doubt. Appellant admitted on the stand that he and a companion both pulled plywood off a window to gain entrance into the building; that he took certain items handed to him by his companion, which items were taken from the building; and that he knew he was not supposed to be there and was "doing wrong." This testimony, combined with that of other witnesses, as well as appellant's flight from the scene at the arrival of the police, make it highly probable that the erroneous admission of the in-custody statement did not contribute to the verdict, particularly in light of the fact that the statement was merely cumulative of appellant's own testimony. See *Van Kleeck v. State*, 250 Ga. 551 (1) (299 SE2d 735) (1983).

2. Appellant argues that the trial court's charge that "voluntary intoxication shall not be an excuse for any criminal act or omission" was erroneous in that voluntary intoxication can be a defense to a specific intent crime, such as burglary. In *Faircloth v. State*, 175 Ga. App. 130 (1) (332 SE2d 686) (1985), this court held that the trial court did not err in refusing to charge the jury that voluntary intoxication can negate the specific intent element of burglary, despite testimony at trial that defendant had consumed large amounts of alcohol and Valium, that he did not know why he entered the store, and that he appeared intoxicated at the time of apprehension. In the case sub judice, appellant stated that he had six or seven beers before the incident; that when the police drove up, he ran; that he knew he was not supposed to be at the building; that he knew he was doing wrong; that he "wasn't drunk, not that much," and that he was not under the influence. Although "if because of the influence of alcohol a person's mind is so impaired that he is incapable of forming an intent to commit an act or understand the consequences of such an act, he would not be criminally responsible" (*Ely v. State*, 159 Ga. App. 693 (285 SE2d 66) (1981)), the facts sub judice did not warrant the reading of

this charge to the jury. See *Simpson v. State*, 250 Ga. 365 (1) (297 SE2d 288) (1982). According to appellant's own testimony, he knew he was "doing wrong." Therefore, his mind was not impaired to the extent that he was incapable of forming the requisite intent. The trial court's instruction was not error for any reason assigned.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED JANUARY 26, 1987 —

*Griffin E. Howell III*, for appellant.
*Johnnie L. Caldwell, Jr., District Attorney*, for appellee.