### 74539. RAY v. THE STATE.
(357 SE2d 877)

DEEN, Presiding Judge.

Appellant Ray was convicted by a Tift County jury on four counts of child molestation. He received four concurrent 15-year sentences (5 to serve, with the balance on probation) and was ordered to undergo psychological counseling and treatment both during and after his incarceration. He appeals from this judgment, enumerating as error the trial court's denial of his motion for new trial, which he had based on the general grounds and the alleged ineffective assistance of counsel. Specifically, he alleges that counsel called no witnesses for the trial and presented no evidence on his behalf. *Held*:

In *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), the United States Supreme Court set forth a two-pronged test: in order to establish ineffective assistance of counsel, an appellant must show (1) that his attorney's performance was deficient, and (2) that this deficient performance actually prejudiced the defense. See *Cook v. State*, 255 Ga. 565 (340 SE2d 891) (1986). The test is in the conjunctive: "[t]he complaining defendant must make both showings. His failure 'to establish either the [deficient] performance or the prejudice component results in denial of his Sixth Amendment claim.' *King v. Strickland*, 748 F2d 1462, 1463 (11th Cir. 1984)." *Ford v. State*, 255 Ga. 81, 85 (335 SE2d 567) (1985). In *Strickland* the Supreme Court approved the standard enunciated in *Pitts v. Glass*, 231 Ga. 638 (203 SE2d 515) (1974); that is, "reasonably effective assistance." "Thus, counsel's performance will not be found to be deficient if it falls within the range of 'reasonably effective assistance.' To perform within this range, counsel must make all significant decisions in the exercise of reasonable professional judgment. The reasonableness of counsel's performance is then considered in light of the totality of the circumstances, viewed from counsel's perspective at the time of trial, thereby eliminating the possible distortions of hindsight analysis. [Cit.] The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct." *Brogdon v. State*, 255 Ga. 64, 68 (335 SE2d 383) (1985).

In the instant case the trial transcript reveals that appellant's counsel made timely and pertinent objections during the state's examination of witnesses; conducted a thorough and sifting cross-examination of each witness; and moved for a directed verdict of acquittal at the close of the state's evidence, supporting his motion with appro-

priate argument. We are thus persuaded that counsel's conduct was well within "the broad range of reasonable professional conduct." Id. When his attorney's performance is viewed in the light of the totality of the circumstances, appellant did not demonstrate deficient performance; he therefore failed to satisfy the first prong of the *Strickland* test.

As to the second prong of the test, "the defendant must show that the deficient performance actually prejudiced the defense. In other words he must show there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors." Id. Given the graphic testimony of the young victims and the strongly corroborative testimony of the mother of one of them, it is difficult for us to conclude that the outcome of the trial would have been different had the defense presented the self-serving testimony of defendant, his grandmother, and his neighbor — none of whom did more than make a patent attempt to improvise an alibi without offering any plausible explanation of why they happened to remember appellant's being in their presence at the crucial times and places. A conscientious and properly instructed jury would have been hard put to find such testimony credible and to come to a different conclusion regarding the defendant's guilt or innocence.

We find appellant's allegations of ineffective assistance to be without merit.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 22, 1987.

*John R. Reinhardt*, for appellant.
*David E. Perry, District Attorney*, for appellee.