## 44459. WADLEY v. THE STATE.
(357 SE2d 588)

HUNT, Justice.

Gary Wadley was convicted of the murder of Ronnie Jordan. He was tried by a jury and found guilty and sentenced to life imprisonment.[1] He appeals, raising issues of ineffective assistance of counsel at trial, improper argument by the prosecution, and the trial court's failure to charge the jury on voluntary manslaughter.

The defendant, the victim and others gathered at a friend's home to visit, drink, and work on a car. Some of the men, including the defendant and the victim, began to engage in horseplay. The defendant and the victim were boxing with each other and exchanged hard blows. The defendant testified that the victim became angry with him, threatened him, and said he was going to get a gun. The defendant left and the victim continued to make threats to the effect that he was going to get the defendant. Subsequently, the victim left in search of the defendant with what appeared to be a gun concealed under his clothing. One of the defendant's friends saw the victim leaving, found the defendant, and warned him that the victim had a gun. The defendant borrowed a shotgun from a friend and met the victim on a dark street. Two witnesses testified that the victim and defendant were standing approximately fifteen feet apart, facing each other, that the victim was unarmed, and that the defendant shot him after the victim stated to the defendant, "if you're going to shoot me, shoot me now." At trial, Wadley claimed he acted solely in self-defense. He testified that when he met the victim in the street, the victim threatened to kill him, reached in his pocket as if to get a weapon, and began to walk toward the defendant, although the defendant warned him not to do so. The defendant testified that he shot the victim because he was afraid of him.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crime of which he was

---

[1] The shooting and death of Ronnie Jordan occurred on July 20, 1985. The defendant was indicted on September 16, 1985 and tried on January 13, 1986. Judgment was entered on January 13, 1986. The defendant filed an approved out-of-time motion for new trial on April 24, 1986 which was amended on January 27, 1987 and denied on February 3, 1987. The defendant filed his notice of appeal on February 23, 1987. The appeal was docketed in this court on March 17, 1987 and orally argued on May 13, 1987.

convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The defendant contends the trial court erred by failing to charge the jury on voluntary manslaughter. We pretermit the questions of whether such a charge was authorized by the evidence, see *Washington v. State*, 249 Ga. 728, 730 (3) (292 SE2d 836) (1982); *Henderson v. State*, 234 Ga. 827, 831 (2) (218 SE2d 612) (1975), and whether the defendant waived his right to raise this enumeration under *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976) by failing to submit a written request to charge voluntary manslaughter at trial, because we find that the defendant has nonetheless waived his right to raise this issue on appeal. Following its charge, the trial court inquired of counsel whether there were any exceptions to the charge. Defense counsel responded that there were none on behalf of the defendant. " 'In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), and approved in *White (v. State*, 243 Ga. 250 (253 SE2d 694) (1979)), of reserving his right to object on motion for new trial or on appeal. Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, the defendant has waived the right to raise the issue on appeal.' *Jackson v. State*, 246 Ga. 459 (271 SE2d 855) (1980)." *Zant v. Akins*, 250 Ga. 5 (295 SE2d 313) (1982).

3. We find no merit to defendant's second enumeration of error.

4. The defendant contends that his trial counsel was ineffective. Because he is represented on appeal by different counsel than at trial, we remand the case to the trial court for a hearing and appropriate findings concerning the issue of ineffective assistance of counsel. *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986).

*Judgment affirmed and remanded. All the Justices concur.*

DECIDED JULY 9, 1987.

*Robert L. Doyel,* for appellant.
*Beverly B. Hayes, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.