## 74682. WAYNE v. THE STATE.
### (361 SE2d 39)

POPE, Judge.

Defendant Wayne was convicted of rape, aggravated sodomy, burglary and terroristic threats. He admitted he and his companion broke into the victim's home and both raped her but offered involuntary intoxication as a defense. He also defended the charges of sodomy and terroristic threats on the ground that only his companion sodomized the victim and threatened her with an imaginary gun.

1. Defendant, his companion and the victim lived in a trailer park. In the evening and early morning hours before the crime, defendant and his companion attended a party at the home of another resident of the trailer park where they both consumed alcohol and smoked marijuana. Both testified they believed either their beverages or the marijuana was spiked with an unknown substance since they experienced sensations and exhibited behavior unlike any other occasion on which they had consumed alcohol and marijuana. Therefore, the court properly charged the jury on the defense of involuntary intoxication. In regard to voluntary intoxication the court charged: "Our law provides that voluntary intoxication shall not be an excuse for any criminal act." Defendant claims the trial court erred in failing to charge that even voluntary intoxication is a defense if it renders the accused incapable of forming the necessary intent to do the act charged.

Defendant's testimony at trial that he did not know right from

wrong at the time the crimes were committed conflicted with statements made to police at the time he confessed. The issue created by this testimony is relevant only to the defense of involuntary intoxication, which the jury rejected. In the case of involuntary intoxication, the issue is whether alcohol or drugs impaired the actor's moral judgment. However, in the case of voluntary intoxication, the issue is whether the actor was so intoxicated "as to render whatever acts he may have committed . . . 'unintentional.' '(I)f the intention to commit the act in controversy is present, intoxication is no excuse . . .' *Hardy v. State*, 242 Ga. 702, 706 (251 SE2d 289) (1978). Thus unless the actor was so intoxicated as to be unable to know, understand and intend to do the act, it cannot be said that his act was not intentional." *Transamerica Ins. Co. v. Thrift-Mart*, 159 Ga. App. 874, 882 (285 SE2d 566) (1981). In this case, no evidence was presented from which the jury could find a lack of intent to commit the acts for which defendant was charged. In fact, defendant admitted he and his companion, as they left the party, discussed their desire to have sex with a woman and discussed the victim as a possible target for that desire. Defendant found an open window and removed the screen in order to enter the victim's trailer. "[Defendant's] mind was not impaired to the extent that he was incapable of forming the requisite intent." *Smith v. State*, 181 Ga. App. 595, 597 (353 SE2d 35) (1987). The charge on voluntary intoxication was a correct statement of the law and was proper. See *Gilreath v. State*, 247 Ga. 814 (13) (279 SE2d 650) (1981); *Faircloth v. State*, 175 Ga. App. 130 (1) (332 SE2d 686) (1985); *Hunter v. State*, 166 Ga. App. 608 (3) (305 SE2d 124), rev'd on other grounds, 251 Ga. 615 (307 SE2d 910) (1983).

2. Defendant appeals from the convictions of aggravated sodomy and terroristic threats on the general grounds. "[A]ppellate courts consider only the sufficiency . . . not the weight of the evidence." *Ridley v. State*, 236 Ga. 147, 149 (223 SE2d 131) (1976). As described below, we find the evidence sufficient to support the convictions on these counts.

a. Defendant's companion performed the act of sodomy upon the victim while defendant attempted to rape her. The two men discussed having sex with the victim before the burglary. Defendant removed the screen from the window and helped his companion enter the trailer. A person who intentionally aids or abets in the commission of a crime is a party to the crime. OCGA § 16-2-20.

b. We reject defendant's argument that the threat to "blow your . . . brains out if you make a sound" was merely a conditional statement to preserve the status quo and not a terroristic threat as defined in OCGA § 16-11-37. See *Boone v. State*, 155 Ga. App. 937 (2) (274 SE2d 49) (1980). We also reject defendant's argument that the evidence failed to prove the charge, contained in the indictment, that

the perpetrators told the victim they had a gun. The evidence showed defendant's companion intimidated the victim into submission by pretending to point a gun at her. Several times during the approximately three hours the perpetrators spent in the victim's trailer they referred to the imaginary gun and pretended to lay it aside or swap it between them.

3. After deliberation the jury asked to be recharged on conspiracy and parties to a crime. Although the recharge was lengthier than the original instructions on these two issues, we find no error in the court's instructions to the jury.

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 10, 1987.

*J. Lansing Kimmey III*, for appellant.

*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.