## 75605. DAWSON v. THE STATE.
(368 SE2d 367)

BEASLEY, Judge.

Defendant appeals from convictions of conspiracy to commit armed robbery, OCGA § 16-4-8, and attempted armed robbery, OCGA §§ 16-8-41; 16-4-1.

1. Defendant asserts error in the refusal to strike the testimony of Smith, a State witness whose name was not included on the furnished witness list. Smith was a co-indictee, charged with the same offenses of which defendant was convicted. Defendant did not object when Smith testified nor move to strike the testimony until after the charge conference. The only basis stated was that he was not on the original or amended list of state witnesses and defendant had no notice that Smith would be called as a witness until he took the stand. There was no contention that defendant was unfairly surprised, that he was unaware of the co-indictee's existence, or that he had no opportunity to interview the witness.

Under such circumstances it has been held that "where, as here, the name of a witness is contained in the indictment, a defendant cannot validly contend that he has been surprised or unable to interview the witness because he was unaware of such witness." *Redmond v. State*, 252 Ga. 142, 143 (2) (312 SE2d 315) (1984). Further, the proper remedy when a witness is called whose name was not on the list is a motion for continuance, not the exclusion of the witness' testimony. *Wright v. State*, 167 Ga. App. 445 (1) (306 SE2d 428) (1983).

Hence, it was not error to deny defendant's motion to strike Smith's testimony.

2. Defendant contends the trial court erred by refusing to give his request to charge number 4 on the issue of withdrawal from a conspiracy, which read: "I charge you that a person would not be criminally responsible if his mind were so impaired by alcohol that he could not form intent to commit an act or understand the consequences of such act." Clearly this is not a charge on withdrawal from a conspiracy, but rather a charge on intoxication to a degree which renders a person incapable of forming a requisite intent to commit a criminal act. Hence, there is nothing for us to review in that regard.

Moreover, refusal to give this charge has been held to be not error. *Williams v. State*, 180 Ga. App. 854, 855 (2) (350 SE2d 837) (1986); *Faircloth v. State*, 175 Ga. App. 130 (1) (332 SE2d 686) (1985).

3. Defendant finds fault with the court's refusal to allow him to impeach Penny Milsap by showing bias. Milsap testified on direct examination as a State witness that she was the common-law wife of Tommy Hampton, a co-indictee, and had been living with him for six years. On cross-examination she was questioned extensively about her relationship with Hampton, including the fact that she had been with Hampton several times when he sold stolen jewelry to Hugh Dell West (apparently a jewelry store). Milsap was also allowed to testify that Hampton had done favors for her in Bartow County.

Defendant argues that the court prevented him from asking Milsap about the fact that Hampton exculpated Milsap from a 1985 burglary charge in Bartow County resulting in a nolle prosequi being entered as to her. The court merely prohibited counsel from cross-examining her regarding the specifics of this "favor," because a witness may not be impeached by proving non-conviction charges. *Smallwood v. State*, 95 Ga. App. 766 (98 SE2d 602) (1957); *State v. Byrd*, 255 Ga. 665, 666 (341 SE2d 455) (1986). This did not constitute reversible error, as defendant was permitted wide latitude to establish the alleged bias and the court did not abuse its discretion. *Kitchens v. State*, 256 Ga. 1, 6 (4) (342 SE2d 320) (1986); *Williams v. State*, 250 Ga. 664, 665 (1) (300 SE2d 685) (1983).

4. Defendant asserts error in the court's refusal to admit evidence of a co-conspirator's statements made during furtherance of the criminal undertaking. Defendant attempted to question two defense witnesses about a statement made to them by Hampton the afternoon of the day following the attempted robbery, to the effect that defendant did not participate in the robbery which was the object of the conspiracy. The trial court excluded the testimony on the grounds that the conspiracy had ended before the time of the statement, and that Hampton was no longer trying to conceal the conspiracy. De-

fendant argues that a co-conspirator's statements made during an attempt to conceal a previously committed substantive crime are admissible as being in furtherance of the conspiracy. While this is the rule in Georgia *if* the conspiracy contemplates action such as concealment beyond an initial criminal act, *Knight v. State*, 239 Ga. 594, 597 (2) (238 SE2d 390) (1977), it is not applicable under the facts in the instant case.

The morning after the attempted armed robbery defendant went to the Cedartown police and told them his version of the attempted robbery and shooting at the victim's home, including Hampton's participation in the scheme. A conspiracy terminates when a conspirator identifies other conspirators and relates their participation in a crime to law enforcement officials. *Crowder v. State*, 237 Ga. 141, 153 (227 SE2d 230) (1976); *Wright v. State*, 254 Ga. 484, 487 (1) (330 SE2d 358) (1985). As the court ruled, the conspiracy had ended.

Further, both witnesses testified, at the hearing on this issue that, at the time Hampton made the statements he was not attempting to conceal anything. Thus the trial court did not err by excluding hearsay evidence as to what Hampton said to them, outside the presence of defendant, after the conspiracy had terminated and there was no attempt to conceal the conspiracy.

5. Defendant alleges error in the court's questions to defense counsel and defense witnesses as being prosecutorial in tenor, large in number, and argumentative. There is nothing in the questions or comments complained of to support defendant's complaint. Further, defendant made no objection to any of the questions, either on the basis now urged or any other, and this court will not consider questions raised for the first time on appeal. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

6. Defendant contends he lacked reasonably effective assistance of trial counsel, thereby denying him his right to a fair trial and due process of law, in violation of the United States and Georgia Constitutions. The first question is whether the issue was ruled on below, so as to clothe it with reviewability.

When the original motion for new trial was filed, the court issued a show cause order setting a date for hearing and stating that "[i]n the meantime and until the final hearing of said motion, whenever the same may be had, defendant is allowed to amend and perfect the motion." Thereafter, the amended motion for new trial, which raised the ineffective assistance of counsel ground as well as five others, was filed February 23. An extensive brief in support of it was also filed at the same time. It pointed out specific alleged counsel errors, with references to the trial transcript in each instance, and it cited and argued the law applicable. His brief on appeal is almost verbatim.

The motion and brief were served on the district attorney, and

the court held a motion hearing on May 28. The resulting order, filed July 16, stated that arguments were received from both parties and it ordered that the "Motion for New Trial" be denied.

On appeal, defendant seeks to show that the trial court was wrong and should have granted a new trial. There is no contention that the court failed or refused to hear or consider the grounds contained in the amendment. The mere fact that the court in its order did not expressly include the word "amended" does not mean that it did not do its duty to provide a hearing and rule on the amendment, too. This is particularly true where there is no complaint in this regard. We are bound to presume that, in the absence of evidence to the contrary, the trial court fulfilled its obligation under the law. OCGA § 24-4-24 (b) (1); *Nalley v. State*, 147 Ga. App. 634, 635 (249 SE2d 685) (1978). See also *Hosch v. Pickett*, 172 Ga. App. 13, 15 (321 SE2d 777) (1984).

Even if trial counsel did not testify at that hearing, which the record does not show one way or the other, it is not always necessary that trial counsel testify in cases where ineffective assistance is alleged. It would depend on what is claimed to have constituted ineffectiveness. If it relates to matters outside of the record, such as that counsel failed to consult with defendant before trial or failed to call material witnesses, then counsel's testimony would probably be needed. But where the "ineffectiveness" relates to alleged errors made during the course of the trial as shown by the transcript, then trial counsel's testimony may not be required; the record speaks for itself.

The ineffectiveness asserted here is of the latter type. If trial counsel was not called as a witness at the hearing, that was defendant's choice. The point is, defendant had a hearing and the opportunity to present his evidence (the trial transcript) and argument on the ineffectiveness claim; he does not even contend otherwise.

*Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986) does not require the testimony of trial counsel. What it requires is a hearing. See also *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987). Defendant had one. The issue was ruled on. Defendant does not seek another hearing on it. We do not require one.

We proceed to the merits. Upon a review of those instances of trial action taken or not taken by counsel which defendant complains of, we do not find that defendant has met the burden imposed by *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) and applied in *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). See also *Ray v. State*, 183 Ga. App. 57 (357 SE2d 877) (1987).

*Judgment affirmed. Deen, P. J., Banke, P. J., Carley, Pope, and Benham, JJ., concur. Deen, P. J., also concurs specially. Birdsong, C. J., McMurray, P. J., and Sognier, J., dissent.*

DEEN, Presiding Judge, concurring specially.

I concur fully with the majority opinion, except for its conclusion in Division 2 that the appellant has left this court nothing to review by virtue of his confusing the law on voluntary intoxication with the law on withdrawal from conspiracy.

Dawson requested that the trial court give the following charge on the issue of withdrawal from conspiracy: "I charge you that a person would not be criminally responsible if his mind were so impaired by alcohol that he could not form intent to commit an act or understand the consequences of such act." Heretofore, this charge has always addressed voluntary intoxication, and it is unusual to see it applied to withdrawal from conspiracy. "Good old rye whiskey," sometimes resulting in a bacchanalian revel or wild merriment, may very well be a tonic for various complaints, *Mason v. State*, 1 Ga. App. 534, 536 (58 SE 139) (1907), but it has never served as a cure for conspiracy.

In any event, it matters little whether the charge deals with voluntary intoxication or withdrawal from conspiracy. While it may not be error to give the requested charge in some instances, see *Pope v. State*, 256 Ga. 195 (16) (345 SE2d 831) (1986), on numerous occasions this court has held that it is not error to omit it. *Williams v. State*, 180 Ga. App. 854 (2) (350 SE2d 837) (1986); *Faircloth v. State*, 175 Ga. App. 130 (332 SE2d 686) (1985).

SOGNIER, Judge, dissenting.

I respectfully dissent. Since our Supreme Court decided the case of *Smith v. State*, 255 Ga. 654, 656 (3) (341 SE2d 5) (1986), it has consistently followed the procedure of remanding a case for a hearing by the trial court on the issue of ineffective assistance of counsel, when appellate counsel is different than the trial defense counsel, and such a claim has been raised by appellate counsel, even when such appellate counsel did not raise the issue in a motion or amended motion for new trial. *Hambrick v. State*, 256 Ga. 148, 151 (5) (344 SE2d 639) (1986); *Gilstrap v. State*, 256 Ga. 20, 23 (7) (342 SE2d 667) (1986); *Lloyd v. State*, 257 Ga. 108 (3) (355 SE2d 423) (1987); *Wadley v. State*, 257 Ga. 280, 281 (4) (357 SE2d 588) (1987); *Thompson v. State*, 257 Ga. 386, 388 (2) (359 SE2d 664) (1987). This court has also followed the procedure set forth in *Smith*, supra. *Midura v. State*, 183 Ga. App. 523, 524 (3) (359 SE2d 416) (1987). Although *Thompson*, supra, held that after the date of publication of the opinion the issue is waived if not raised by the new attorney in an amended motion for new trial, that holding is not applicable here.

This court is bound by decisions of the Supreme Court of Georgia, Const. of the State of Ga., 1983, Art. VI, Sec. VI, Par. VI. Although *Smith*, supra, might not specifically require that the case be

remanded when a claim of ineffective counsel is made at the trial level and no evidentiary hearing is held on that issue, it is clear from the number of cases following that procedure in accordance with *Smith* that it is the procedure adopted by the Supreme Court to be followed in such cases. Therefore, I feel bound to remand the case for a hearing on the issue of ineffective assistance of counsel, so that trial defense counsel can be heard on the issue. By not doing so, we are leaving this case open to a possible miscarriage of justice by reversal of the case in a habeas corpus proceeding in federal court based on a denial of procedural due process.

I am authorized to state that Chief Judge Birdsong and Presiding Judge McMurray join in this dissent.

DECIDED MARCH 18, 1988 —
REHEARING DENIED APRIL 1, 1988 —

*Wayne W. Gammon*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.