A91A1379. BAUMGARTNER v. THE STATE.
(412 SE2d 874)

Judge Arnold Shulman.

The appellant was found guilty on an indictment charging that she had sold alcoholic beverages "to inmates sentenced to Decatur County Correctional Institute." The statute which the appellant was accused of violating was OCGA § 3-3-25 (a) (1) (A), which specifies, in pertinent part, that "[n]o person knowingly and intentionally shall . . . sell . . . alcoholic beverages to . . . [a]ny person confined in any jail, penal institution, correctional facility, or other lawful place of confinement. . . ."

The transaction in question took place at a convenience store where the appellant worked as a cashier. The state's evidence consisted in its entirety of testimony from two employees of the Decatur County Correctional Institute concerning certain statements the appellant had made to them regarding the incident. The first of these employees, Watson Phillips, testified that the appellant had tele-phoned him at his home on December 4, 1990, to report that she "had sold . . . wine and beer . . . to the inmates that worked on the [county prison] farm." He stated that he asked her why she had not called the "camp, the warden or somebody like that," and that she responded that the inmates had been "standing there with her, and she was afraid to do that."

Mr. Phillips reported the matter to the assistant warden of the correctional facility, and the latter subsequently went into the conve-nience store to purchase a soft drink and a pack of cigarettes. He testified that he spoke with the appellant about the incident at this time and that she told him she "did not realize that it was against the law to sell alcohol to inmates and that the reason she did it was be-cause she was scared."

The appellant's testimony was fully consistent with that of the state's witnesses. She stated that three men had been involved in the incident and that one of them had put two bottles of wine on the counter while another paid for them. She testified that she was alone in the store at the time and that "[t]here was nobody out in the parking lot and . . . I was not going to argue anything with them." She added that these same three men had come into the store on a previous occasion, when other customers were present, and that one of them had told her on that occasion that "he was an habitual violator; he was an alcoholic" and had "asked out loud if I had any objection to serving convicts." However, she testified that the men had "scattered" through the store during this previous visit without purchasing anything.

1. We find this evidence wholly insufficient to support the appellant's conviction. In the first place, the three men in question were never identified, and there was no evidence that they were in fact inmates of the Decatur County Correctional Institute, much less that they were "confined" to that or any other such facility within the contemplation of OCGA § 3-3-25 (a) (1) (A). In the second place, the undisputed evidence affirmatively negates any inference that the appellant acted with criminal intent in allowing the men to make the purchase.

"A person will not be presumed to act with criminal intention but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted." OCGA § 16-2-6. As previously indicated, the appellant testified that she had acted out of fear in allowing the men to purchase the wine, and there are no circumstances whatever which could be construed as inconsistent with her testimony in this regard. Furthermore, the officials of the Decatur County Correctional Institute learned of the incident only because the appellant herself reported it to them, presumably in the belief that they needed to monitor their inmates more closely. Based on the record before us, we are at a complete loss to understand how her conduct could reasonably be construed as criminal under these circumstances, and we consequently reverse her conviction. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Redmond v. State*, 252 Ga. 142 (312 SE2d 315) (1984).

2. The remaining issues raised by this appeal are rendered moot by the foregoing.

*Judgment reversed. Beasley, J., concurs. Carley, P. J., concurs in judgment only.*

DECIDED NOVEMBER 19, 1991.

*Gilbert J. Murrah*, for appellant.
*Richard A. Epps, Solicitor*, for appellee.