## S09A1561. POWELL v. THE STATE.
### (685 SE2d 79)

THOMPSON, Justice.

Defendant Mark W. Powell was convicted of the malice murder of his wife, Bridgett Powell.[1] He appeals, asserting, inter alia, the trial court erred in excluding evidence demonstrating that his wife previously engaged in extramarital affairs. Finding no error, we affirm.

Defendant and his wife attended a Halloween party with friends. Defendant, who was obviously intoxicated, tried to pick a fight with several partygoers. Later that night, defendant's neighbors called 911 to report that a man was beating a woman outside. When police arrived they found the victim's body. She was unconscious and badly beaten about the head and face to the point that she was unrecogniz-

---

[1] The crime occurred on October 22, 2006. The grand jury indicted defendant on December 18, 2006, charging him with malice murder. Trial commenced on April 28, 2008, and the petit jury returned a verdict of guilty on April 30, 2008. A sentence of life in prison was imposed on May 1, 2008. Defendant filed a notice of appeal on May 23, 2008. The appeal was docketed in this Court on June 3, 2009, and argued orally on September 15, 2009.

able. Blood covered her face and head. Searching the premises, police found defendant sitting on a swing in the backyard. He was dressed only in his undergarments, which were bloody, as were his hands, legs and feet. He had a strong odor of alcohol about his person. The victim's blood was found in the couple's car and throughout their home, including the bedroom and back porch. The victim never regained consciousness and died as a result of her injuries.

1. The evidence was sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court permitted defendant to show that on previous occasions he argued with the victim and she attacked him with a knife. That evidence was admissible because it showed a previous encounter, i.e., a specific act of violence, by the victim against defendant. *Owens v. State*, 270 Ga. 199, 201 (509 SE2d 905) (1998). However, the trial court refused to allow defendant to introduce evidence demonstrating that the victim previously engaged in extramarital affairs. Defendant posits that the trial court's refusal in that regard was error. We disagree. Contrary to defendant's assertion, evidence of a prior extramarital affair does not constitute evidence of a previous difficulty or encounter. See *McWilliams v. State*, 280 Ga. 724, 725 (3) (632 SE2d 127) (2006). Moreover, unless a defendant can show that he killed his wife under a violent, sudden impulse of passion due to his wife's adultery, the evidence is irrelevant and inadmissible. Compare *Culmer v. State*, 282 Ga. 330, 335 (4) (647 SE2d 30) (2007) (adulterous conduct can give rise to sufficient provocation if it occurred immediately prior to killing in such a way as to incite sudden irresistible passion) with *Burger v. State*, 238 Ga. 171 (231 SE2d 769) (1977) (adulterous conduct alone does not justify killing of spouse). Defendant made no such showing in this case. In fact, in proffering evidence that his wife had been unfaithful, defendant admitted that his knowledge of his wife's affairs did not incite him to commit the crime.

3. Defendant contends the trial court erred in failing to charge the jury on voluntary manslaughter. In this regard, defendant also contends that his sole defense was that he acted with irresistible passion as a result of serious provocation. This contention is without merit. As noted in Division 2, the evidence did not demonstrate that the victim was killed as a result of a sudden passion. Moreover, defendant claimed that he drank something at the Halloween party that "didn't taste right" and that he had no further recollection of events on the night in question. Thus, defendant did not solely rely on his attempt to reduce the murder charge to voluntary manslaughter. See *Wayne v. State*, 184 Ga. App. 160, 161 (1) (361 SE2d 39) (1987); OCGA § 16-3-4.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Gilbert J. Murrah*, for appellant.
*T. Craig Earnest, District Attorney, Ron S. Smith, Charles M. Ferguson, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Sara K. Sahni, Assistant Attorney General*, for appellee.