65040. JONES et al. v. THE STATE.
65041. WIMBERLY v. THE STATE.

POPE, Judge.

Defendants George Jones, Timothy Foster, Mark Wimberly and one Floyd Dixon were indicted for burglary, theft by taking and, all except Dixon, for being habitual felons. They pleaded not guilty. A joint trial was scheduled but Dixon was severed because he made an outburst in open court. The trial of defendants Jones, Foster and Wimberly ended with a hung jury and a mistrial was declared. Upon retrial, defendants were found guilty of both burglary and theft by taking and were each sentenced to twenty years. Dixon was also joined in the second trial and he was likewise convicted.

Defendants Jones, Foster and Wimberly here challenge their convictions, asserting the general grounds, and defendant Wimberly additionally alleges prosecutorial misconduct. Dixon is not involved in the appeals here joined.

1. "A person commits burglary when, without authority and with the intent to commit a felony or theft therein, he enters . . . any building . . . or any room or any part thereof." Code Ann. § 26-1601 (a) (now OCGA § 16-7-1 (a)). Count One of the indictment charged defendants with burglary, alleging that they "did without authority and with intent to commit a theft therein, enter a room known as the front office in the building and place of business of the Green Spot Supermarket, Incorporated located at 309 West Emory Street. . . ." Count Two charged defendants with theft by taking in that they unlawfully took in excess of $200.00 in cash from the supermarket. The state relied solely upon circumstantial evidence and therefore it had the burden of proving facts not only consistent with the hypothesis of guilt, but also exclusive of every other reasonable hypothesis. Code Ann. § 38-109 (now OCGA § 24-4-6).

The evidence offered by the state showed that the room referred to in the indictment was a "small booth structure" located at the front of the supermarket with a "Manager's Office" sign on the door. An

employee of the supermarket testified that he first noticed a black male using or pretending to use the telephone located just outside the office. Three other black males momentarily spoke to the man with the telephone and moved on into the store. The four men departed separately but in very short intervals. The employee, who had suspected something was amiss because of this activity and having seen some wires leading to the office jiggle, then noticed that the door to the office was slightly open. He investigated and saw that there was no loose cash in the location where it usually was kept. He then called the store manager. Testimony at trial further showed that there had been in the office at the time $20,000.00 in a money bag, $4,810.00 in banded bills, some coins in wrappers and a pistol. The $4,810.00 in banded bills had been taken.

Witnesses saw four black males running from the direction of the store. An automobile with what appeared to be two black males inside sped away from the location where the four men on foot had been heading. One witness attempted to follow the automobile but lost it. The police were called and given a description of the automobile.

The automobile was spotted by the state patrol on the nearby interstate highway. When one state patrolman got behind the suspect vehicle and turned his blue lights on, the vehicle attempted to flee. A high speed chase ensued and ended at a state patrol roadblock. Defendants were then arrested, Dixon after a brief attempt to escape on foot. A quantity of money in banded bills was found wedged between the driver's seat and door.

The clothing worn by defendants was different than the description of the clothing worn by the men in the supermarket. No other clothing was found in the automobile. None of the defendants were positively identified as having been in the supermarket and no fingerprints were taken there. The banded money was, however, identified by store employees.

Defendants' story was that Jones and Foster met Dixon in Chattanooga, Tennessee and agreed to give him a ride to Atlanta. They stopped in Dalton at the Green Spot No. 2, a separate store from the one burglarized, and then stopped at a service station to use the rest room. They were all away from the automobile for several minutes. Soon thereafter they picked up defendant Wimberly hitchhiking on the highway. The reason given for attempting to flee from the patrol car was that the driver, Dixon, was driving under the influence and without a license.

The jury was thus presented with conflicting evidence: The state's circumstantial evidence of guilt and defendants' hypothesis of innocence created by their alibi defense. See Code Ann. §§ 38-109 and

38-122 (the latter now OCGA § 16-3-40). "We will not speculate as to what evidence the jury chose to believe or disbelieve; on appeal this court is bound to construe the evidence with every inference and presumption being in favor of upholding the jury's verdict. [Cits.] Where the testimony of the state and that of the [defendants] is in conflict, the jury is the final arbiter. . . ." *Wynn v. State,* 152 Ga. App. 479, 480 (263 SE2d 258) (1979). " 'Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused, is primarily a question for determination by the jury. This of necessity is so, for we have no legal yardstick by which we can ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of twelve upright and intelligent jurors. After having heard the witnesses and having observed them testify, they are more capable of judging of the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law.' " *Harris v. State,* 236 Ga. 242, 244-5 (223 SE2d 643) (1976), quoting *Smith v. State,* 56 Ga. App. 384, 387 (192 SE 647) (1937). " 'When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law.' " *Slack v. State,* 159 Ga. App. 185, 189-90 (283 SE2d 64) (1981), quoting *Dowdy v. State,* 150 Ga. App. 137, 139 (257 SE2d 41) (1979). *Harris v. State,* supra.

After a careful review of the evidence, as summarized supra, we cannot say that the verdict in this case is unsupportable as a matter of law. The aggregate of the circumstantial evidence produced by the state was sufficient to authorize the jury to find defendants guilty beyond a reasonable doubt under the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and the jury was authorized to reject defendants' alibi proffered to establish a hypothesis of innocence. We therefore hold that defendants' challenge on the general grounds does not merit reversal.

2. Defendant Wimberly asserts the additional allegation of error that the state impermissibly commented in closing argument upon evidence previously ruled out by the court. The challenged remark was: "When I talk about professional thieves, what I'm talking about is, letters passed around the jail, 'Let's get our stories straight.' " This remark referred to a letter written by Foster to Dixon telling him his version of the story so that their stories would be uniform. It was seized by a jailer. The state had attempted to introduce the letter as evidence but could not lay a proper foundation

and it was ruled inadmissible.

Although the state was unable to get the letter into evidence, the state did succeed in getting Foster to admit on cross-examination that he had written the letter to Dixon, stating in it the substance of his testimony in the first trial from which Dixon had been severed. Thus, defendant's assertion is specious. The remark by the state did in fact refer to evidence in the case and therefore it was proper. See *Wooten v. State,* 224 Ga. 106 (7) (160 SE2d 403) (1968).

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1983.

*Frank B. Hester,* for appellants (case no. 65040).
*Michael C. Cherof,* for appellant (case no. 65041).
*Stephen A. Williams, District Attorney, Marcus R. Morris, J. O. Partain III, Assistant District Attorneys,* for appellee.