## 65733. CASH v. THE STATE.

SHULMAN, Chief Judge.

This appeal is from appellant's conviction for burglary. He enumerates as error the denial of his motion to suppress, the admission into evidence of an in-custody statement he made, and the trial court's refusal to give certain requested charges to the jury.

1. Appellant's motion to suppress was premised on his contention that the affidavit on which the search warrant was based was defective because the hearsay declarants were not shown to be reliable. However, "where [as here] the hearsay declarant is an identified interested citizen . . . the credibility is not as suspect and the analysis is not as stringent. [Cit.] In this case, the mere averments of who provided the information were enough to support a presumption of reliability, credibility and accuracy [cits.], and the hearsay statements therefore may serve as the foundation for probable cause." *Tuzman v. State,* 145 Ga. App. 761, 766 (244 SE2d 882).

2. A statement made by appellant was read into evidence. He argued at trial and argues here that there was not a sufficient showing that his statement was voluntarily made. We disagree. Notwithstanding defense counsel's repeated and unsuccessful attempts to elicit testimony that appellant was led to believe that he was required to give a statement, the testimony of the police officer who took the statement, corroborated by appellant's testimony, met the test enunciated in *Williams v. State,* 238 Ga. 298 (232 SE2d 535). The statement's voluntariness was adequately shown.

3. Appellant's contention that the trial court erred in permitting the state to have a typed transcript of appellant's statement read into the record is also without merit. Prior to the admission of the statement, there was a thorough examination of the

police officer who took the statement, and the foundation required by *Estes v. State,* 232 Ga. 703 (4b) (208 SE2d 806), was established.

4. Appellant's enumeration of error concerning four requested charges refused by the trial court must fail because none of the requests was supported by the evidence. *Murphy v. State,* 146 Ga. App. 721 (6) (247 SE2d 186), overruled on other grounds, *Bundren v. State,* 247 Ga. 180, 182 (274 SE2d 455).

5. Appellant's attempt to enumerate as error other aspects of the trial court's charge is unavailing since he neither objected to those portions of the charge at trial nor reserved his right to do so on appeal. Those objections are, therefore, waived. *McCormick v. State,* 163 Ga. App. 267 (4) (293 SE2d 35).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED MAY 16, 1983 —
REHEARING DENIED JUNE 8, 1983 —

*Donn M. Peevy,* for appellant.
*W. Bryant Huff,* District Attorney, *Genevieve L. Frazier,* Assistant District Attorney, for appellee.