## 39874. ANDERSON v. THE STATE.

GREGORY, Justice.

We granted certiorari in this case to review the holding in Division 1 of the Court of Appeals' opinion *Anderson v. State,* 165 Ga. App. 885 (303 SE2d 57) (1983).

The defendant was on trial for the offense of selling cocaine. The State called a GBI agent as a witness. When asked how he knew the defendant, the witness responded, "First of all, I was given a list and Robert Anderson was on that list as being one of the suspected drug dealers. . . ." There was an objection on the ground the testimony placed defendant's character in evidence without defendant having first done so himself. OCGA § 24-2-2 (Code Ann. § 38-202). The objection was overruled. There was no objection on the ground the testimony was hearsay.

The Court of Appeals affirmed the action of the trial court on the

basis of OCGA § 24-3-2[1] (Code Ann. § 38-302) which permits certain evidence which would otherwise be hearsay so long as it is admitted for the limited purpose of explaining conduct or ascertaining motives. But see, *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982). This fails, however, to meet the objection that the testimony placed in evidence defendant's character. That objection was well taken, corrective action was omitted by the trial court, OCGA § 24-3-2 (Code Ann. § 38-302) is not an answer, and we must reverse the Court of Appeals.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who concurs in the judgment only.*

DECIDED FEBRUARY 9, 1984.

*Rick F. Ellis,* for appellant.
*Arthur W. Leach,* for appellee.

---

[1] "When, in a legal investigation, information, conversations, and letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence."