### 67488. HENDERSON v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of burglary and appeals on the general grounds.

On February 1, 1982 Rusty Kelley's trailer home was burglarized between 9:15 and 9:45 a.m. The same afternoon a guitar and a rifle taken in the burglary were pawned at two different pawnshops in Columbus, Georgia. One of the pawnshops required persons pawning items to leave a fingerprint as identification, and then paid money only to the person who actually pawned the item. The fingerprint taken when the rifle was pawned matched the right index fingerprint of appellant.

Appellant denied committing the burglary and stated a friend of his pawned the rifle; appellant left his fingerprint as identification only because the clerk would not otherwise accept the rifle for pawn from his friend. He contends the evidence, being circumstantial, is not sufficient to support the verdict as it does not exclude every reasonable hypothesis save that of his guilt.

Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused is primarily a question for determination by the jury. *Jones v. State*, 165 Ga. App. 36, 38 (1) (299 SE2d 576) (1983). If a jury is authorized to find the evidence, though circumstantial, sufficient to exclude every reasonable hypothesis save that of guilt, the verdict will not be disturbed by the appellate court unless the verdict is unsupportable as a matter of law. Id. We cannot say the verdict here is unsupportable as a matter of law.

In addition to evidence that appellant was in possession of property stolen from Kelley within three or four hours of the burglary, appellant was identified through his fingerprint as the person who pawned the rifle just hours after the burglary. Further, a check of appellant's friend who allegedly pawned the rifle disclosed that there is no identification listed for Willie Anderson using the social security number given to the pawn shops as identification. Lastly, appellant is the person who was given the money for the rifle that was pawned, and the description of the individual making the pawn was the same at both pawn shops. Thus, viewing the evidence of recent possession of stolen property together with other evidence in the case, as required by *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983), we find the evidence sufficient to meet the standards of proof required by

Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).
*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED MARCH 8, 1984.

*L. Earl Jones*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.