## 74156. BOSTIC v. THE STATE.
### (359 SE2d 201)

SOGNIER, Judge.

Appellant was convicted of theft by taking of an automobile, giving a false name and terroristic threats, and he appeals.

1. Appellant contends in his first two enumerations of error that the trial court erred by allowing into evidence a gun belonging to Eric Perry, and by allowing testimony relating to an armed robbery and theft of an automobile committed by Perry and Jerry Mills.

The evidence disclosed that about 2:30 a.m. Dr. James Jones drove to Counsel's, a bar in Savannah, Georgia. He parked his Subaru station wagon in a well-lighted area across the street and as he was entering the bar exchanged greetings with a man standing outside the bar who "may" have been appellant. After entering the bar Dr. Jones noticed two men sitting in a booth with no drinks. Dr. Jones sat at the bar and a short time later became aware that a third man had entered and sat down with the two men in the booth. A few minutes later Dr. Jones went into the bathroom and as he started to leave, he was struck on the head several times with a metal object and knocked to the floor by two men. A gun was placed at Dr. Jones' throat and the men took his watch, keys, $10 cash and a credit card. The men told Dr. Jones to stay in the bathroom and the men departed. Dr. Jones went back into the bar and told the people present to see if his car was still in the parking lot. Someone informed Dr. Jones "they" were driving his car away, and it was the three men who had been in the booth. Police were called and a lookout for Dr. Jones' car was

broadcast. A few minutes later police saw three men in Dr. Jones' car, stopped the car and arrested Perry, Mills and appellant, who was sitting in the back seat. A pellet gun belonging to Perry was on the floor under the driver's seat, and Perry was driving the car. Appellant was very belligerent at the scene and on arrival at the police station gave the police a false name and threatened violence to several officers, including threats to kill them.

A microanalyst testified that hair on the grip of the gun found in the car and a hair sample from Dr. Jones' head revealed sufficient similarities to indicate they could have a common origin. In a statement to police appellant acknowledged that he had been in Counsel's for a short time around the time of the robbery, but he denied talking to Perry and Mills. He also denied knowing the car he was in was stolen, and said he was not serious about the threats.

Appellant argues that it was error to admit the gun and the microanalyst's testimony into evidence, and to allow testimony about a robbery, because he was not charged with, and did not participate in, the robbery. This argument is without merit.

Circumstances forming a part or continuation of the main transaction are admissible as res gestae. *Shouse v. State*, 231 Ga. 716, 719 (8) (203 SE2d 537) (1974); *Grant v. State*, 141 Ga. App. 272, 275 (2) (a) (233 SE2d 249) (1977); *Cleveland v. State*, 155 Ga. App. 267, 268 (2) (270 SE2d 687) (1980). It does not matter that the act or transaction is another criminal offense and does not tend to establish the main offense. *Grant*, supra. In the instant case the events triggering the theft of Dr. Jones' car started in Counsel's bar and terminated some thirty to forty-five minutes later when appellant and his companions were arrested in the stolen car. Appellant admitted he was in Counsel's and that he departed in Dr. Jones' car. Thus, the evidence as to the armed robbery was admissible not only as part of the res gestae, but also as circumstantial evidence that appellant participated in the theft of the car. In *Shouse*, supra, it was held that two guns found in the car when the defendants were arrested were admitted properly, as all circumstances connected with the arrest are proper matters to be submitted to the jury to be weighed by them for what they are worth. It follows that the court properly allowed testimony by the microanalyst as to hair found on the gun, as his testimony tied the weapon to the armed robbery which triggered the chain of events leading to charges against appellant.

2. In his next two enumerations of error appellant alleges it was error to allow a transcript of appellant's tape-recorded statement to be read to the jury in lieu of playing the tape itself, and to allow the transcript of his statement into evidence without a proper foundation having been laid. Appellant argues that because certain portions of the tape were inaudible and could not be transcribed, it was inadmis-

sible. However, the fact that a tape is not flawless does not render it inadmissible. *Thomas v. State*, 240 Ga. 393, 399 (2) (242 SE2d 1) (1977). Further, where a proper foundation for admission of a taped conversation is laid and portions of the tape are inaudible, it is within the discretion of the trial judge to admit the tape. *Burke v. State*, 248 Ga. 124, 125 (2) (281 SE2d 607) (1981).

Turning then to appellant's argument as to lack of a foundation, this argument is not well taken. Both our Supreme Court and this court have held that a party to the conversation may lay a proper foundation for the admissibility of tape recorded conversations by testifying that he was a party to the conversation; that the tape has not been altered; by identifying the parties to the conversation and where and when the conversation (statement) took place; and by establishing a proper chain of custody. *Burke*, supra; *Carpenter v. State*, 167 Ga. App. 634, 638 (2) (3) (307 SE2d 19) (1983). In the instant case a proper foundation was laid by Detective Lister, who conducted the interview of appellant and was a party to the taped interview. Lister established the chain of custody, testified that the tape was not altered, and verified the accuracy of the transcript by playing the tape and comparing it to the transcript. Thus, a proper foundation was laid for admission of both the tape and the transcript. *Burke, Carpenter*, supra.

When this issue arose the prosecuting attorney stated he was using the transcript instead of the tape because certain portions of the tape were inaudible and the tape was of poor quality. The court overruled appellant's objection to use of the transcript on the ground that the tape was inaudible and the transcription was as good as could be done. Under such circumstances we find no error in allowing the transcript to be read into evidence.

We note initially that the "best evidence" rule has nothing to do with evidence generally, but is restricted to writings alone. OCGA § 24-5-4; *Willingham v. State*, 134 Ga. App. 603, 606 (3) (215 SE2d 521) (1975); *Rutledge v. State*, 152 Ga. App. 755, 759 (4) (264 SE2d 244) (1979). Thus, the best evidence rule was not applicable to the tape recording of appellant's statement. Rather, the tape was primary evidence and the written transcript was secondary evidence which, from necessity in some cases, is substituted for stronger and better proof. OCGA § 24-5-1. "Cases of necessity or manifest convenience, resting on principles of reason and justice, may be made exceptions to the general rule requiring the production of primary evidence." OCGA § 24-5-3. We find the instant case to be one falling within the exception just quoted. The tape itself would have been inaudible to the jury without the use of special equipment which was not readily available. A proper foundation for admissibility of the transcript of the tape had been laid, including testimony as to its accuracy and

authenticity. Thus, whether considered a matter of necessity or convenience to avoid delaying the trial, we find the transcript was admissible as an exception to the general rule requiring the use of primary evidence, and it was not error to have the typed transcript of appellant's statement read into the record. *Cash v. State*, 166 Ga. App. 835-836 (3) (305 SE2d 618) (1983). Cf. *White v. State*, 163 Ga. App. 179, 180 (2) (292 SE2d 875) (1982).

3. In his last two enumerations of error appellant asserts that the evidence is not sufficient to support his conviction of theft by taking and that the trial court erred by denying appellant's motion for a directed verdict of acquittal. He argues that there was no evidence to support his conviction of theft by taking because the State established only that he was present at the scene, and mere presence at the scene of a crime is not sufficient to support a conviction. While that is a correct statement of the law, *Shirley v. State*, 166 Ga. App. 456, 457 (1) (304 SE2d 468) (1983), there was more than mere presence to connect appellant with the automobile theft, as we discussed in Division 1. While each of the facts connecting appellant to the theft, taken separately, might not be sufficient to show appellant's role as an aider and abettor to the theft, taken as a whole such evidence is sufficient to support the verdict of the jury. "To sustain a conviction based upon circumstantial evidence, every inference except the guilt of the accused need not be excluded, but only reasonable inferences so as to justify the inference of guilt beyond a reasonable doubt." *Brockington v. State*, 152 Ga. App. 11, 13 (2) (262 SE2d 170) (1979). Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury. *Jones v. State*, 165 Ga. App. 36, 38 (1) (299 SE2d 576) (1983). We find the evidence as to theft by taking an automobile sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In regard to appellant's motion for a directed verdict of acquittal as to the theft charge and the charge of terroristic threats, appellant's only argument is that his threats were just "big talk." However, the record discloses that the officers took the threats seriously, and the question of criminal intention is for the jury, not the court. *Jerome v. State*, 143 Ga. App. 649 (239 SE2d 541) (1977); *Brewer v. State*, 156 Ga. App. 468 (1) (274 SE2d 817) (1980). Thus, we find the evidence of terroristic threats sufficient to meet the *Jackson v. Virginia*, supra, standard of proof.

Since the evidence was sufficient to support the convictions, it was not error to deny appellant's motion for a directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

*Judgment affirmed. McMurray, P. J., concurs. Beasley, J., con-*

*curs in Divisions 1 and 3 and in the judgment only in Division 2.*

DECIDED JUNE 24, 1987.

Kenneth H. Cail, for appellant.
Spencer Lawton, Jr., District Attorney, Gregory R. Jacobs, Assistant District Attorney, for appellee.