## 74585. FRANKLIN v. THE STATE.
(361 SE2d 700)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of (felony) theft by shoplifting. *Held*:

1. One of the State's witnesses, a customer service manager at a Wal-Mart store, testified as to observing defendant walking through the store carrying a Wal-Mart bag, which was unusual in that it was not stapled and did not have a receipt at the top of it. The customer service manager testified that she approached defendant asking to see his receipt, that defendant kept walking, and that she walked alongside of defendant continuing her attempt to get defendant to show her a receipt or stop and let her get a manager.

The State then attempted to elicit certain demonstrative evidence from the customer service manager, the assistant district attorney stating: "If you would, walk up with me, I am going to be [defendant] and show the jury, first of all walk along beside me like you did him, so they can see how far you were apart and stay [sic] stop at the distance you walked beside him." Defense counsel objected and stated: "I presuppose that [the assistant district attorney] is able to duplicate the behavior of the perpetrator in this crime and is not admissible. There is no showing that, no showing of testimony by her as to what happened so that [the assistant district attorney] could duplicate that." The trial court allowed the demonstration to be presented before the jury.

Defendant enumerates as error the trial court's "allowing the district attorney to demonstrate the speed at which the defendant was allegedly moving when leaving the store." However, defendant's objection at trial fails to preserve the issue raised on appeal. Generally, grounds which may be considered on appeal are limited to those which were urged before the trial court. *Clark v. State*, 249 Ga. 18 (287 SE2d 523). Additionally, both defendant's objection at trial and this enumeration on appeal lack a factual predicate in that the State's demonstration addressed only an issue of distance. This enumeration of error is without merit.

2. Defendant contends the trial court erred in allowing another video cassette recorder rather than the one stolen to be introduced in evidence and sent out with the jury. The video cassette recorder introduced into evidence by the State was the same model as the one actually stolen. Over defendant's objection, the video cassette recorder was admitted "only to show, if it does, the size, shape, weight

and quality of the item allegedly taken." Defendant objected to the introduction into evidence of the video cassette recorder on the sole ground that it was "irrelevant." Such general objections "are insufficient as they do not direct the attention of the trial court to the specific allegation of error and there is nothing for the appellate court to review. *Shouse v. State*, 231 Ga. 716 (4) (203 SE2d 537); *Vann v. State*, 153 Ga. App. 710 (4) (266 SE2d 349); *Jones v. State*, 154 Ga. App. 806 (2) (270 SE2d 201)." *Lightsey v. State*, 160 Ga. App. 62, 63 (3) (286 SE2d 41). See *Phillips v. State*, 172 Ga. App. 864, 865 (3) (324 SE2d 807).

3. Defendant contends that he was improperly convicted of a felony due to the State's failure to prove the value of the stolen item. See in this regard OCGA § 16-8-14 (b) (2) which provides felony punishment for theft by shoplifting where the value of the property stolen exceeds $100. A former employee of Wal-Mart testified that the video cassette recorder, introduced into evidence and identified as the same model and identical to the one that was actually stolen, "sales [sic] for four hundred and twenty-four dollars and eighty-six cents." Defendant argues that there was no proof that the video cassette recorder actually stolen was of any value at the time and place of the offense, that is, that the only proof of value related to the time of trial. We do not view the former employee's testimony as compelling the conclusion urged by defendant. *Hall v. State*, 181 Ga. App. 697, 701 (4) (353 SE2d 614). However, even if defendant's argument is correct, there is sufficient evidence, which when coupled with the jury's awareness of the value of such everyday objects as video cassette recorders, to authorize a jury determination that the value of the video cassette recorder stolen was greater than $100. See in this regard *Moore v. State*, 171 Ga. App. 911, 912 (2) (321 SE2d 413).

4. Defendant enumerates as error a portion of the trial court's charge. However, defendant neither objected to the charge at trial nor reserved his right to do so on motion for new trial or on appeal. Under these circumstances defendant has waived his right to enumerate error as to the charge. *White v. State*, 243 Ga. 250 (253 SE2d 694); *Cash v. State*, 166 Ga. App. 835, 836 (5) (305 SE2d 618); *Harper v. State*, 180 Ga. App. 20, 21 (2) (348 SE2d 318).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED SEPTEMBER 30, 1987.

*Lee Payne*, for appellant.
*John M. Ott, District Attorney, J. Ellis Millsap, Assistant District Attorney*, for appellee.