## 77247. BAPTISTE v. THE STATE.
(379 SE2d 165)

BENHAM, Judge.

Appellant was convicted of violating the Georgia Controlled Substances Act (OCGA § 16-13-30), and using a communication facility, a telephone, to commit that violation. OCGA § 16-13-32.3. He enumerates several alleged errors in his effort to have his convictions reversed.

Acting at the behest of police, Clifford Charles, a man arrested and incarcerated by police for selling cocaine to an undercover agent,

made a series of telephone calls to appellant in an effort to purchase cocaine from appellant. Appellant agreed to meet Charles at a local stadium where police observed him give Charles a package containing what was later identified by a crime lab expert as "crack" cocaine. Appellant was arrested as he drove away from the encounter.

1. Prior to trial appellant made a motion in limine, seeking to prevent the State's introduction of evidence that appellant was involved with cocaine prior to the incident for which he was arrested. Appellant argued that the material was not admissible as a similar transaction since he had not been served prior to trial with the notice required when the State intends to rely upon similar transactions (see Uniform Superior Court Rule 31.3), and that reference to any involvement he might have had with cocaine previous to the charges at bar amounted to the impermissible introduction of character evidence by the State. See OCGA § 24-9-20. He also maintained that the expected evidence was not admissible to explain the officer's conduct, in light of the Supreme Court's holdings in *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), and *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984). The trial court denied the motion, recognized appellant's continuing objection to the anticipated testimony, and agreed that appellant would have a continuing motion for mistrial at the time the testimony was admitted.

During his opening statement, the assistant district attorney stated that the police had asked Charles to reveal the name of his "source" and to call that individual; and that Charles had called appellant. During the presentation of the State's case, Charles testified that the police had asked him to provide them with the name of the person from whom he had gotten cocaine and that he had named appellant. Each of three police officers testified that, upon their inquiry, Charles had named appellant as the source of his cocaine.

Through the testimony, the jury was made aware that prior to the event for which appellant was being tried, appellant was a "source" of cocaine. Appellant's contention that the testimony placed his character in evidence is well taken. *Anderson v. State*, 252 Ga. 103, 104 (312 SE2d 113) (1984). Contrary to the State's assertion, the fact that such testimony explained the witnesses' subsequent conduct does not make the inadmissible character evidence admissible. Id. Additionally, the statement that appellant was Charles' cocaine source did not constitute evidence of a similar crime or transaction. See *Hargrove v. State*, 188 Ga. App. 336 (4) (373 SE2d 44) (1988). Even if it did qualify as evidence of a similar transaction, the State failed to comply with USCR 31.3 regarding pre-trial notice of the use of a similar transaction.

Having reached the conclusion that it was error to admit the testimony that appellant was a source of cocaine, we must resolve

whether that error was harmful since " ' "(h)arm as well as error must be shown to authorize a reversal by this court." ' [Cit.]" *Anderson v. State*, 183 Ga. App. 313 (3) (358 SE2d 888) (1987). In light of the eyewitness evidence that a man driving the car in which appellant was seen shortly thereafter gave Charles a package containing cocaine in the stadium parking lot, and of Charles' identification of appellant as the man he met in the stadium parking lot, we are constrained to hold that the improper admission of impermissible character evidence was harmless error. *Minter v. State*, 258 Ga. 629 (2) (373 SE2d 359) (1988).

2. On the morning of trial, the trial court informed counsel that he had been advised by the clerk's office that a juror had called that morning to report that her child was ill, and was either at the hospital emergency room or had been treated there. The trial court ruled that "over [appellant's counsel's] objection, the court is going to excuse the juror. You have agreed to proceed with not less than eleven."

A criminal defendant has the right to waive his constitutional right to be tried by a jury of twelve. 1983 Ga. Const., Art. I, Sec. I, Par. XI; *Weeks v. State*, 187 Ga. App. 307 (2) (370 SE2d 344) (1988). While we are unable to find in the record appellant's purported waiver, neither appellant nor his counsel contested, then or now, the trial court's statement. We proceed on the premise that appellant made such a waiver.

OCGA § 15-12-172 authorizes the trial court to replace a juror who "dies, becomes ill, upon other good cause shown to the court is found to be unable to perform [her] duty, or is discharged for other legal cause. . . ." The statute implicitly authorizes the trial court to exercise its discretion with regard to excusing a juror from the panel. While we agree with trial counsel that further inquiry should have been made of the juror herself, especially in light of the fact that she had left a telephone number at which she could be reached, we cannot say any error was harmful in light of appellant's agreement to proceed with eleven jurors.

3. On cross-examination, in an effort to demonstrate Charles' motive for getting involved at the request of the police, appellant's trial counsel brought to the jury's attention that Charles was currently facing an indictment for aggravated assault. The trial court permitted questions that elicited Charles' testimony that he had been indicted for aggravated assault; had shot someone in self-defense; had not made a deal with the police concerning the disposition of the charge; and that he was testifying in an effort "to keep from going to prison." However, the trial court sustained objections to the attempts of appellant's counsel to question Charles about the underlying facts of the aggravated assault charge.

The Confrontation Clause of the Sixth Amendment of the U. S.

Constitution, applicable to the states through the Due Process Clause of the Fourteenth Amendment, guarantees a criminal defendant the right to cross-examine a state's key witness concerning pending criminal charges against the witness. *Hines v. State*, 249 Ga. 257 (2) (290 SE2d 911) (1982). "[E]xposing the motives of a state's witness for testifying is always relevant in attacking the credibility of the witness . . . [w]hether the witness may be shading his testimony in an effort to please the prosecution" is an important consideration. *Owens v. State*, 251 Ga. 313 (1) (305 SE2d 102) (1983).

The relevant issue was whether the witness entertained any belief of personal benefit from testifying favorably for the prosecution. Id. at 317; *Morris v. State*, 166 Ga. App. 137 (3) (303 SE2d 492) (1983). The trial court appropriately exercised its sound discretion to determine the extent of cross-examination when the questions left the area of the witness' belief of personal benefit and went to the fact underlying the aggravated assault charge. We find no violation of appellant's right to a thorough and sifting cross-examination of Charles. See *Peacock v. State*, 170 Ga. App. 309 (3) (316 SE2d 864) (1984).

4. The State objected when appellant's counsel brought up entrapment in his closing argument. The trial court ruled that the argument was improper since entrapment had not been made an issue. Appellant now argues that the trial court should have permitted him to argue an entrapment defense and should not have labeled his argument improper.

"[W]hen the State's case shows evidence of entrapment and the defendant offers no evidence of entrapment inconsistent with his defense that he did not commit the crime, the defendant is not required to admit the commission of the crime in order to be entitled to a charge on entrapment." *Gregoroff v. State*, 248 Ga. 667, 672 (285 SE2d 537) (1982). Appellant denied committing the act, and the State's evidence that its agent made phone calls to appellant in an effort to procure contraband does not constitute evidence of entrapment. See *Christian v. State*, 181 Ga. App. 569 (1) (353 SE2d 65) (1987). Therefore, absent an admission from appellant that he committed the crime, argument concerning entrapment was improper and was properly halted. See *Strobhert v. State*, 184 Ga. App. 615 (1) (362 SE2d 99) (1987).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 30, 1989 —
REHEARING DENIED FEBRUARY 27, 1989 —

*Sutton, Reddick, Hackel & Hackel, Thomas M. Hackel*, for appellant.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assis-*

*tant District Attorney*, for appellee.