A89A0149. FLOWERS v. THE STATE.
(381 SE2d 768)

BIRDSONG, Judge.

Michael H. Flowers brings this appeal from his conviction for burglary. Flowers was jointly indicted for this offense with his wife Donna, his next-door neighbor John Overby, and Dean Hartley. All of appellant's co-indictees testified for the State.

Appellant's wife testified that on the evening of the Whitfield County landfill office burglary, their next-door neighbor, Overby, came over to their house "around ten-thirty, eleven o'clock" and asked her husband "to go outside in the back yard to talk." They talked for 30-45 minutes. Appellant's brother, Eric, and Dean Hartley, who had been at Overby's house, came to their house and said: "We're ready to go." All five of them got in her husband's car and followed the directions of Overby. They stopped on the side of a road

and she "didn't see no houses. . . ." Eric, Overby, and Hartley left the car and burglarized the Whitfield County landfill office. Overby and Eric Flowers entered pleas of guilty to the burglary. Hartley said he thought they were going to get some parts for Overby's car.

Appellant told a detective that when the three men returned to the car they had "a cash box and some jumpsuits and some other things." The landfill manager said that his office and a tool room had been broken into and automotive filters, transmission fluid, some "coveralls," and a carton of cardboard packages of grease were taken.

The stolen property was taken back to Overby's house, but appellant's wife said she found a pair of "overalls" on her porch the next morning. Overby testified that after they returned to his house they "stayed there a couple [of] hours" and then went to Chatsworth and burglarized the trailer parked next to the Sumac Church. A television set and VCR were taken and placed in appellant's car. The television set was recovered from the appellant's house.

Overby said he did not tell appellant he was going to burglarize the landfill or the church. Hartley testified that he did not hear Overby tell the appellant about the burglaries.

Appellant's motion for directed verdict was denied. The jury reached a verdict of guilty and this appeal followed. *Held:*

1. Although appellant's enumeration of error is based on the refusal of the trial court to grant his motion for directed verdict, the remainder of the enumeration and the argument in the brief is directed toward insufficiency of the evidence to convict. The tests to be applied to a denial of a motion for directed verdict ("[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall demand a verdict of acquittal or 'not guilty' as to the entire offense . . . the court may direct the verdict of acquittal. . . ." OCGA § 17-9-1 (a)) and sufficiency of the evidence (whether "a reasonable trier of fact could rationally find proof of guilt beyond a reasonable doubt . . ." *Adams v. State*, 187 Ga. App. 340, 344 (370 SE2d 197) are distinguishable.

This court will not overturn the decision of the trial court denying a motion for directed verdict of acquittal where "[w]e cannot say that there was 'no conflict in the evidence and the evidence . . . demand(ed) a verdict of acquittal.' " *Conger v. State*, 250 Ga. 867, 870 (301 SE2d 878). The evidence of record did not demand a verdict of acquittal. Thus denial of the motion for directed verdict was not error.

Whether in a specific case the circumstances are sufficient to exclude every reasonable hypothesis save that of guilt of the accused is primarily a question for the jury. *Henderson v. State*, 170 Ga. App. 170 (316 SE2d 814). Where the jury is authorized to find the evidence, though circumstantial, is sufficient to exclude every reasonable

hypothesis save that of guilt, the verdict will not be disturbed by an appellate court unless such verdict is unsupportable as a matter of law. *Jones v. State*, 165 Ga. App. 36, 38 (299 SE2d 576); *Slack v. State*, 159 Ga. App. 185, 189-190 (283 SE2d 64). Construing the evidence in the light most favorable to the verdict, we are convinced that a rational trier of fact could have found the appellant guilty of the offense of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, the evidence admitted at trial was not insufficient as a matter of law.

2. The trial court allowed in evidence the circumstances of the burglary at the Sumac Church. Appellant moved to strike this evidence and the court denied the motion. On appeal it is argued that this evidence "is itself insufficient to show . . . participation or criminal intent on the part of appellant." We do not agree.

Evidence of other criminal acts of a defendant is generally inadmissible because it tends to place a defendant's character in evidence in violation of OCGA § 24-9-20 (b). *Sablon v. State*, 182 Ga. App. 128, 130 (355 SE2d 88). However, evidence of an independent crime is admissible if (1) the defendant was in fact one of the perpetrators, and (2) there is sufficient similarity or connection between the independent crime and the offense charged so that proof of the independent crimes tends to prove the offense charged. *Mincey v. State*, 257 Ga. 500, 505 (360 SE2d 578). Once identity of the perpetrator is shown, the "other crime" becomes admissible for the purposes of showing identity, motive, plan, scheme, bent of mind, modus operandi, and course of conduct. *Cook v. State*, 185 Ga. App. 585 (2) (364 SE2d 912); *Strobhert v. State*, 184 Ga. App. 615, 617-618 (362 SE2d 99). And, this rule is not changed where the "other offense" is subsequent to the offense charged. *Worthy v. State*, 180 Ga. App. 506, 508 (349 SE2d 529). The similarities between the landfill robbery and the Sumac Church robbery are striking. The appellant and the principal actors of both burglaries were the same. Appellant used his car and was the driver for both offenses. Appellant took the principal actors to a deserted place for both burglaries, shortly before and after midnight, and watched as the burglars placed the stolen goods in his car. One pair of the stolen "coveralls" from the landfill ended up on his porch and the stolen television ended up in his house. The trial court is granted a wide discretion in the admission of evidence and an appellate court should not reverse his finding unless he has abused that discretion. *Haynes v. State*, 180 Ga. App. 202, 203 (349 SE2d 208). We have found no abuse of discretion. See *Crews v. State*, 185 Ga. App. 494, 495 (364 SE2d 625).

Moreover, there exists a separate reason for sustaining the ruling of the trial court. According to Overby, appellant drove his car to the landfill with Overby, Eric Flowers and Dean Hartley as passengers,

where the burglary was committed close to midnight. The burglars loaded the stolen property into appellant's car and returned to Overby's house where they unloaded the stolen property. After a couple of hours, the appellant drove his car, with Eric Flowers, Dean Hartley and Overby as passengers to the Sumac Church where appellant again remained in his car while Overby and the others committed that burglary and loaded the stolen goods into his car.

The State is entitled to present evidence of the entire res gestae of a crime even though the defendant is not charged with every crime committed during the entire criminal transaction. *Satterfield v. State*, 256 Ga. 593, 598 (b) (351 SE2d 625). This is permissible because "[c]ircumstances forming a part or continuation of the main transaction are admissible as res gestae. [Cits.]" *Bostic v. State*, 183 Ga. App. 430, 431 (359 SE2d 201); accord *Shouse v. State*, 231 Ga. 716, 719 (8) (203 SE2d 537); *Fuqua v. State*, 183 Ga. App. 414, 419 (359 SE2d 165). Accordingly, the evidence showing a continuation of the first criminal scheme is admissible and this enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED APRIL 25, 1989.

*Ralph M. Hinman III*, for appellant.
*Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.