## A92A0726. SANDERS v. THE STATE.
(419 SE2d 759)

SOGNIER, Chief Judge.

Lyle Vincent Sanders was convicted of theft by receiving and obstruction of an officer. He appeals from the denial of his motion for new trial.

1. In two enumerations appellant contends the evidence was insufficient to support the verdict. At trial, Marietta Police Officer D. G. Barnes testified that he was on routine patrol at 4:00 a.m. on December 30, 1990 when he became involved in an attempt to apprehend two women and a man who had attempted to steal a car. After the man eluded capture, Officer Barnes returned to his patrol duties and continued to look for this suspect. At about 5:45 a.m. he observed two

men drive by in a 1986 Buick and look back at him. Because of their actions, he suspected that one of the men might be the car theft suspect, so he followed the car. The car turned into a motel and began travelling at a high rate of speed through the parking lot. Barnes turned on his blue light and siren, and the men stopped the car and began running away. Barnes was able to apprehend appellant after chasing him a number of yards and tackling him after he refused to lie down voluntarily. Officer Jones, who had arrived to assist Barnes, frisked appellant and discovered a hand-held video game, several game cartridges, and an adapter in appellant's possession. After checking the motor vehicle records and determining the car was stolen, the officers charged appellant with theft of the car by receiving.

At trial, Officer Jones testified that State's exhibits 1-5 appeared to be the video game items he had retrieved from appellant. He specifically noted that the items were covered with mud, which he testified occurred because the area where appellant was apprehended was muddy. Michael Mueller, the owner of the car, testified that it was stolen from the lot of a motel where he and his family had stopped at about 1:00 a.m. They were driving to their Florida home after having spent Christmas with relatives, and the trunk and back seat were packed with clothing, gifts, family photographs, and other personal items. Mueller testified that when he retrieved the car from police, the contents of the car and the glove compartment, including the photographs and items with his name clearly shown, were strewn about the car interior, and the hand-held video game and cartridges his stepson had received for Christmas were missing. He also testified that the steering column had been broken and its plastic shards were scattered on the floorboard. He stated that State's exhibits 1-5 appeared to be the same video game and related items his stepson had received.

(a) Appellant contends that the State was required to prove that he was in actual possession of the car in order to convict him of theft by receiving. A majority of this court recently rejected this argument in a case involving similar facts. In *Hurston v. State,* 202 Ga. App. 311 (414 SE2d 303) (1991), the court held that a passenger in a stolen vehicle may be convicted of theft by receiving if other circumstances exist from which guilty knowledge may be inferred. Here, as in *Hurston,* such additional circumstances were present: appellant was found in the car only a few hours after it was stolen; personal items of the owner, including photographs, were strewn about the car, putting appellant on notice that the driver did not own the car; the steering wheel was damaged and the car was being driven without keys; appellant fled the scene when stopped by a police officer; and property that appeared to have been taken from the car was found in appellant's possession when he was arrested. This evidence was sufficient to au-

thorize appellant's conviction for theft by receiving. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hurston,* supra at 311-313 (1).

(b) One commits the misdemeanor offense of obstruction of a law enforcement officer when he "knowingly and willfully obstructs or hinders [the officer] in the lawful discharge of his official duties." OCGA § 16-10-24 (a). Citing *Whaley v. State,* 175 Ga. App. 493 (333 SE2d 691) (1985), appellant contends his motion for directed verdict on this charge should have been granted because Officer Barnes did not have probable cause to make a warrantless arrest of appellant, and thus appellant could not be guilty of obstructing Barnes in the lawful discharge of his official duties. This enumeration is without merit. When Barnes observed the driver of the car travel at a high rate of speed through the motel parking lot, probable cause existed to stop the driver and make a warrantless arrest of him for driving too fast for conditions (a violation of OCGA § 40-6-180). OCGA § 17-4-20 (a). When Barnes stopped the car, however, both the driver and appellant, the passenger, fled in opposite directions. "Under that evidence, the jury was authorized to infer that [appellant] knew that a police officer was attempting to perform his official duty [of arresting the driver], and to find that [appellant] deliberately took action to delay, hamper or impede the officer in the performance of his duty." *Tankersley v. State,* 155 Ga. App. 917, 919-920 (4) (A) (273 SE2d 862) (1980). We do not agree with appellant that a charge of obstruction could be maintained only if Barnes had probable cause to arrest *appellant* at the time he stopped the car. One may be guilty of obstructing an officer in the performance of his lawful duty of arresting someone else, see *Brown v. State,* 163 Ga. App. 209-210 (294 SE2d 305) (1982), and the jury was authorized to conclude that appellant's flight hindered Barnes' attempt to arrest the driver. See id. at 210 (1).

2. Appellant next contends that because the video game, cartridges, and adapter introduced as State's exhibits 1-5 had no identifying marks showing them to be the actual items taken from Mueller's car, the State was required to establish a continuous chain of custody in order to introduce them into evidence. A similar argument was rejected in *Harper v. State,* 251 Ga. 183, 185 (1) (304 SE2d 693) (1983), in which the court held that the chain of custody requirement that exists for visually indistinguishable evidence such as blood samples is not applicable "to items of evidence which are distinct and recognizable physical objects, such that they can be identified by the sense of observation." Id. The testimony that the mud-covered exhibits appeared to be the same items taken from appellant at his arrest was sufficient to render the exhibits admissible, and it was for the jury to determine whether the exhibits were in fact the articles stolen from Mueller's car. *Turner v. State,* 178 Ga. App. 888, 889 (1) (c) (345

SE2d 99) (1986).

3. Appellant also enumerates as error the trial court's denial of his motion to exclude exhibits 1-5 on the ground that evidence of this similar but uncharged crime improperly placed his character in evidence. Circumstances forming a part or continuation of the main transaction are admissible as res gestae. *Bostic v. State,* 183 Ga. App. 430, 431 (1) (359 SE2d 201) (1987). The State is entitled to present evidence of the entire res gestae of the crime even though the conduct may constitute evidence of another crime for which the defendant is not charged, id., and may incidentally place the defendant's character in issue. *Satterfield v. State,* 256 Ga. 593, 598 (6) (351 SE2d 625) (1987). Here, the challenged evidence was in appellant's possession when he was arrested while riding in a car that had been stolen several hours earlier, and at trial the evidence was identified by the car owner as items that had been stolen from his car. Thus, the evidence was admissible both as part of the res gestae and also as circumstantial evidence that appellant participated in the theft of the car by receiving. See *Bostic,* supra.

4. Appellant next enumerates as error the court's response to a query from the jurors. The indictment charged that appellant "did unlawfully receive and retain stolen property, to wit: a 1986 Buick Regal, a motor vehicle, the property of Michael L. Mueller." Shortly after beginning their deliberations, the jurors posed a written question: "Does the [video game] or entire contents constitute part of the '86 Buick in count one [of the indictment]?" In response, the court informed them that the "allegations of theft by receiving stolen property are set out in count one of the indictment . . . . [W]hat constitutes the property in count one is a decision to be made by you." Appellant excepted below and on appeal on the ground that this answer permitted the jury to convict him for theft by receiving the video game or other contents of the car, an offense with which he was not charged and for which the indictment did not give him sufficient notice to prepare a defense.

We agree with appellant that the second sentence of the court's response was somewhat misleading, for the stolen "property" was defined in the indictment as the "1986 Buick Regal," and the identity of that property was not left open for debate by the jurors. However, in the initial charge to the jury the court explained the elements of theft by receiving and informed the jury that a guilty verdict required a finding that appellant committed the crime as alleged in the indictment, and on the recharge the court reminded the jury that they should recall and consider the charge as a whole. The court also sent the indictment to the jury room so that they could read the actual language of the charge themselves. Accordingly, we find the charge as a whole properly instructed the jury, and under the circumstances

presented we find no reversible error. See *Day v. State,* 193 Ga. App. 179, 180 (3) (387 SE2d 409) (1989).

5. Over appellant's objection, the trial court allowed Officer Barnes to testify that the area in which appellant was arrested had been the scene of numerous car thefts and that he had been in pursuit of suspected car thieves earlier in the evening. Appellant contends the court's decision to permit the introduction of this testimony to explain Barnes' reason for being on patrol in the area was error. As appellant asserts, evidence explaining a law enforcement officer's conduct should not routinely be admitted into evidence on the basis recited by the trial court, for the conduct of the officer rarely is in issue in a criminal trial. *Teague v. State,* 252 Ga. 534-537 (1) (314 SE2d 910) (1984). Here, however, the reason why Officer Barnes followed the car in which appellant was riding was relevant to the validity of the subsequent stop of appellant and the driver because appellant contended at trial that Barnes' decision to pursue was pretextual. Moreover, although Barnes' earlier testimony concerning the incidence of car thefts in general was not relevant to any matter to be decided by the jury, "we are unable to see, and the appellant fails to demonstrate, how admission of this extraneous fact alone could have prejudiced [his] right to a fair and impartial trial." *Thomas v. State,* 169 Ga. App. 119, 121 (312 SE2d 373) (1983).

6. Given our holding in Division 1 (a), supra, that the State was not required to prove appellant was in actual possession of the stolen vehicle, it follows that the court did not err by charging the jury on constructive possession and parties to a crime and by rejecting appellant's requested charge on exclusive actual possession.

7. We likewise find no error in the court's decision to give the State's requested charge on conspiracy. The existence of a conspiracy may be shown by inference as a deduction from acts and conduct, *Tookes v. State,* 159 Ga. App. 423, 427 (8) (283 SE2d 642) (1981), and the evidence authorized an inference that appellant and the driver, who were found together in an obviously stolen car and who fled when stopped by a law enforcement officer, had formed a conspiracy to commit the crime of theft by taking. Because the evidence tended to show appellant and the driver acted in concert, conspiracy could be proved although not alleged in the indictment, and the charge was not error. *Alexander v. State,* 186 Ga. App. 787, 789 (3) (368 SE2d 550) (1988).

8. To the extent that appellant's request to charge no. 6 included an instruction on circumstantial evidence, that topic was substantially covered in the court's own charge, and thus there is no error in the court's rejection of appellant's charge. See *Mattarochia v. State,* 200 Ga. App. 681, 684 (5) (d) (409 SE2d 546) (1991).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 10, 1992.

*Wallace & Clayton, Wallace C. Clayton, Joanne E. Elsey,* for appellant.
*Thomas J. Charron, District Attorney, Russell J. Parker, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys,* for appellee.